UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 2:18-00289

JOSHUA WARREN WILLS


MEMORANDUM OPINION AND ORDER


On August 9, 2019, the United States of America
appeared by Drew O. Inman, Assistant United States Attorney, and
the defendant, Joshua Warren Wills, appeared in person and by
his counsel, David R. Bungard, Assistant Federal Public
Defender, for a hearing pursuant to the provisions of 18 U.S.C.
§§ 4241(c) and 4247(d). The court received on August 7, 2019,
from the Metropolitan Correctional Center, New York, New York, a
copy of the Competency to Stand Trial Evaluation and the
Criminal Responsibility Evaluation, which are hereby ORDERED
filed under SEAL.

Inasmuch as the parties had no further evidence to
present as to the defendant's mental competency, other than the
March 21, 2019 written report of Steven F. Dreyer, Ph.D.,

forensic psychologist, and based upon the Competency to Stand Trial Evaluation, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

In United States v. Broncheau, 645 F.3d 676 (4th Cir. 2011), our court of appeals outlined the purpose behind, and process attached to, section 4241 determinations:

> Section 4241 addresses the circumstances under which the mental competency of a criminal defendant is to be assessed. It was designed to ensure the integrity of the judicial system, i.e., protecting a defendant from criminal proceedings that he cannot understand, and barring prosecutors from pursuing such proceedings against mentally defective defendants. . . .
>
> If the court, after conducting a § 4241 competency hearing, finds by a preponderance of the evidence that the defendant lacks the requisite mental competency, he is committed to custody pending improvement of his mental condition or further proceedings. See § 4241(d).

Id. at 686 (citation omitted).

As noted in Broncheau, 18 U.S.C. § 4241(d) provides for the next steps in ascertaining and evaluating defendant's mental condition:

2

(d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until--

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

As is apparent from a plain reading of the statute, it admits of no exceptions to now committing defendant to the custody of the Attorney General. See, e.g., United States v. Magassouba, 544 F.3d 387, 404 (2nd Cir. 2008)("In short, in contrast to the discretion afforded district courts in deciding whether to commit a defendant for a preliminary competency examination, . . . , once a defendant is found incompetent, commitment pursuant to § 4241(d) is mandatory."); United States v. Shawar, 865 F.2d 856, 860 (7th Cir. 1989) ("The plain meaning of this phrase is, and we hold it to be, that once a defendant is found incompetent to stand trial, a district judge has no discretion in whether or not to commit him.").

In accordance, then, with Magassouba, Shawar, and section 4241(d), it is ORDERED that the defendant be, and he hereby is, committed to the custody of the Attorney General pursuant to section 4241(d)(1). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed three months, to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

No later than the eve of the conclusion of that three-month time period, the United States is directed to either (1) move the court pursuant to section 4241(d)(2)(A), or inform the court of its election not to so move, unless it earlier disposes of the pending charges against defendant according to law pursuant to section 4241(d)(2)(B), or (2) report to the court that it will proceed according to sections 4246 and 4248 as warranted by the circumstances then existing. See United States v. Broncheau, 645 F.3d 676, 686 (4th Cir. 2011) ("If the court, after conducting a § 4241 competency hearing, finds by a preponderance of the evidence that the defendant lacks the requisite mental competency, he is committed to custody pending improvement of his mental condition or further proceedings."); Magassouba, 544 F.3d at 406 ("Congress's use of the word 'additional' plainly signals its intent for any restorative commitment pursuant to § 4241(d)(2)(A) to follow evaluative commitment pursuant to § 4241(d)(1). Such additional commitment is not, however, presumed. To the contrary, § 4241(d)(2)(A) commitment is authorized only 'if the court finds that there is a substantial probability that within such additional period of time [the defendant] will attain the capacity to permit the proceedings to go forward.'") (citation omitted).

It is the court's intention, if at all feasible and consistent with the thorough and complete evaluation of defendant, to consider and enter any section 4241(d)(2)(A) order prior to, or as soon as reasonably practicable after, the expiration of the three-month section 4241(d)(1) time period.

The Attorney General or his authorized designee, such as the director of the facility in which the defendant is hospitalized pursuant to § 4241(d)(1), shall file an interim report at the conclusion of 45 days of defendant's evaluation, and a final report, denominated as such, as early as possible prior to the expiration of the three-month period prescribed in keeping with section 4241(d)(1), comprehensively addressing his views respecting whether the defendant has attained the capacity to permit the proceedings to go forward. The final report must additionally address, pursuant to section 4241(d)(2)(A), whether there is a substantial probability that, within an additional specified reasonable period of time, the defendant will attain the capacity to permit these proceedings to go forward,[1] which final report shall be provided to the court expeditiously in order that the court may conduct an immediate hearing to

---

[1] The time frame does not preclude the director of the facility where defendant is housed from, at any time, filing a certificate of recovery as prescribed by section 4241(e).

6

determine the next step to be taken before the defendant is returned to this district.

While the defendant is being evaluated under section 4241(d) of the facility in which he is hospitalized, the director is requested to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another and, if so, whether suitable arrangements for State custody and care of him are available.

The court will provide either party an opportunity to be heard, at the end of the applicable time period specified in section 4241(d), respecting the further action, if any, to be taken in the case.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  August 16, 2019

John T. Copenhaver, Jr.
Senior United States District Judge