```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                         CRIMINAL ACTION NO. 2:18-cr-00289

**JOSHUA WARREN WILLS**

## MEMORANDUM OPINION & ORDER

Pending are the defendant's motion to dismiss indictment for violations of his Fifth Amendment substantive due process rights, filed November 12, 2019, and the Government's motion for an extension of time to comply with the court's August 16, 2019 order, filed November 16, 2019.

### I.  Background

On August 9, 2019, the court held a hearing pursuant to the provisions of 18 U.S.C. §§ 4241(c) and 4247(d), at which it was found by a preponderance of the evidence that the defendant was suffering from "a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Mem. Opinion & Order, Aug. 16, 2019, ECF No. 39 ("Order") at 2.

The court issued a memorandum opinion and order on August 16, 2019 committing the defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).  Id. at 4.  The Order instructs the Attorney General to "hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed three months, to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity" to understand the nature and consequences of the proceedings against him and to assist properly in his defense, so as to permit the proceedings to go forward.  Id. (emphasis added).  The Order provides additional instructions and timelines for the Government to report on the defendant's competency and for the potential grant of additional time.  See id. at 5-7.  In addition, the Order notes circumstances under which the director of the evaluation facility is to determine whether the defendant "is presently suffering from a mental disease or defect as a result of which his release could create a substantial risk of bodily injury to another person or serious damage to the property of another."  Id. at 7.

On October 9, 2019, the court received letters from the defense counsel and from the Government, both regarding the

status of the defendant's evaluation.[1]  The Government advised that there are only two Bureau of Prisons ("BOP") facilities that offer the psychological services that the defendant requires: Federal Medical Center in Butner, North Carolina ("FMC Butner"), and a facility in Springfield, Missouri.  As of October 9, 2019, the defendant was 63rd in line to receive services at FMC Butner, but the facility would not have an available bed for the defendant until late December 2019.[2]  According to recent advice by the Government, the defendant arrived at FMC Butner for evaluation on December 23, 2019.  Notice of Transfer of Def., ECF No. 46.

The defendant filed the motion to dismiss the indictment for violations of his Fifth Amendment substantive due process rights due to the Government's alleged failure to

---

[1] The court was first apprised of the delay in the evaluation of the defendant by the letter of his counsel, David R. Bungard, dated October 2, 2019.  On the same date, the undersigned judge sent a letter to John J. Frail, Criminal Chief, Assistant United States Attorney, urging quick action by the Bureau of Prisons to place the defendant.  The Government responded by its letter of October 9, 2019 and, on the same date, Mr. Bungard replied by letter to that response.  All four letters are hereby ORDERED filed.

[2] The court notes that "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court."  18 U.S.C. § 4247(b).  The closest facility is FMC Butner.  The Government advises that the Springfield, Missouri facility does not have availability, and neither side raises impracticability as an issue.  Therefore, the court does not inquire further about the Missouri facility.

undertake the court-ordered evaluation at any time within the three-month deadline set by the court order. See Def.'s Mot. Dismiss, ECF No. 42. As noted, the Government filed a motion for an extension of the time to comply with the court order. See Gov't's Mot. Extension, ECF No. 43.

## II. Legal Standard

At any time after the commencement of a prosecution for an offense and prior to the sentencing of a defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. 18 U.S.C. § 4241(a). The court shall grant the motion, or sua sponte order such a hearing, if there is "reasonable cause" to believe that the defendant is presently suffering from "a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. Prior to the hearing, the court may order a psychiatric or psychological examination of the defendant, pursuant to the provisions of section 4247(b)-(c). 18 U.S.C. § 4241(b). The hearing shall be conducted in accordance with the provisions of section 4247(d). 18 U.S.C. § 4241(c).

After the hearing, the court must follow these steps:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>>
>> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d); <u>see also</u> <u>United States v. Magassouba</u>, 544 F.3d 387, 404 (2d Cir. 2008) (affirming that commitment pursuant to § 4241(d)(1) is mandatory); <u>United States v. Shawar</u>, 865 F.2d 856, 860 (7th Cir. 1989) (same).

## III. Discussion

The defendant argues that the three-month deadline to conduct the evaluation began to run when the order was issued, and so the deadline lapsed on November 16, 2019. See Def.'s Mot. Dismiss ¶ 7. The defendant further argues that the Government failed to abide by the four-month statutory cap under 18 U.S.C. § 4241(d)(1) to complete the evaluation by December 16, 2019. See id. ¶ 14. Based on this argument, the defendant alleges that the Government's failure to follow the court directive was a violation of his Fifth Amendment substantive due process rights and that the pending indictment should consequently be dismissed. See id. ¶ 8.

The Government opposes outright dismissal of the case because it has "serious concerns" that the defendant would pose a substantial risk of bodily injury to another person should he be released from custody. See Gov't's Letter, Oct. 9, 2019. The Government further argues that releasing the defendant at this stage would establish a "dangerous precedent" for releasing defendants who are otherwise subject to the provisions of 28 U.S.C. § 4241 et seq. but are held for extended periods due to the backlog of evaluations and the unavailability of beds at the suitable facilities. Gov't's Mot. Extension ¶ 6.

The United States Supreme Court has set a limit on the amount of time a criminal defendant can be held for evaluation to determine his or her capacity to stand trial. "[A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." Jackson v. Indiana, 406 U.S. 715, 738 (1972). Congress passed 18 U.S.C. § 4241(d) in response to the Supreme Court's decision in Jackson. See United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990); United States v. Shawar, 865 F.2d 856, 864 (7th Cir. 1989). The legislative history of § 4241(d) reveals that Congress considered four months to be a "reasonable period" for hospitalization to evaluate a defendant. See S. REP. NO. 98-225, at 236 (1983).

The Fourth Circuit applies § 4241(d)(1) to mean that a defendant "should be hospitalized for a period 'not to exceed four months.'" United States v. Barfield, 969 F.2d 1554, 1557 (4th Cir. 1992) (emphasis omitted). The examination of the defendant to determine restoration of competency must occur within that period, but the period does not include the time needed, after the determination has been made, to file an

evaluation with the court. United States v. Flanery, 879 F.2d 863, at *3-4. (4th Cir. 1989) (per curiam) (unpublished opinion).

The Second and Ninth Circuits have held that the four-month statutory cap under § 4241(d) begins once the defendant is admitted to a facility for treatment and diagnosis. See United States v. Villegas, 589 F. App'x 372, 373 (9th Cir. 2015) (memorandum opinion); United States v. Magassouba, 544 F.3d 387, 410 (2d Cir. 2008); see also United States v. Giorella, No. 09-cr-00041-PA, 2009 WL 4016631, at *2 (D. Colo. Nov. 17, 2009). Other courts have interpreted the four-month period under § 4241(d) to be the duration of hospitalization. See, e.g., United States v. McKown, 930 F.3d 721, 727 (5th Cir. 2019); United States v. Evans, 690 F.3d 940, 941 (8th Cir. 2012).

The purpose of commitment under § 4241(d) is "to enable medical professionals to accurately determine whether a criminal defendant is restorable to mental competency." United States v. Strong, 489 F.3d 1055, 1062 (9th Cir. 2007). Such a determination requires a "careful and accurate diagnosis." See id. The four-month period "is reasonably related to important governmental purposes justifying such detention," including the "compelling interest in pursuing a correct diagnosis." McKown, 930 F.3d at 728 (internal citation and quotation marks omitted).

The court concludes that the time period for conducting the evaluation did not begin to run until the defendant arrived at FMC Butner for evaluation on December 23, 2019. Requiring the three-month deadline to run before the defendant is admitted for evaluation would undermine the purpose of commitment under § 4241(d) to ensure an accurate and correct diagnosis of the defendant's mental competency.

The delay between ordering the evaluation and the start of evaluation does not impact the time period under either the court order or 18 U.S.C. § 4241(d)(1). Delays between the court order and the admission to a facility for evaluation are to be expected due to administrative and resource constraints. The Government acknowledges that federal courts across the country order similar evaluations for criminal defendants and that there are only so many facilities -- two for the defendant here -- to conduct the evaluations, which may create a backlog. See Gov't's Letter, Oct. 9, 2019.

In a similar case, United States v. Villegas, the district court ordered that the defendant be hospitalized pursuant to § 4241(d)(1) on November 22, 2013, but the defendant was not admitted to a facility for evaluation until March 5 or March 6, 2014. 589 F. App'x at 373. The defendant moved to dismiss the indictment on the ground that the time limit in

§ 4241(d)(1) had expired four months after the district court's commitment order.  Id.  The district court denied the motion, and the Ninth Circuit affirmed, in part, because the statutory period under § 4241(d)(1) was not triggered until the defendant arrived at the medical facility.  Id.

In United States v. Magassouba, another defendant was found to be incompetent in a trial court hearing but was not admitted to a facility for several weeks.  544 F.3d at 410.  The defendant was orally ordered to a § 4241(d)(1) commitment on October 13, 2004; a written order was served upon the United States Marshals Service on November 24, 2004; and the defendant was admitted to the facility on December 22, 2004.  Id.  Despite the delay in conveying the order and admitting the defendant, the Attorney General's confinement authority under § 4241(d)(1) was deemed to commence once the defendant was admitted to the facility.  See id.  That is not to suggest that any delay, regardless of length, is acceptable or constitutionally permissible.  The court finds that the four months or so delay in getting the defendant to the facility for evaluation in this case is reasonable in light of similar current demands on the federal prison system for such evaluations.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the defendant's motion to dismiss the indictment be, and it hereby is, denied.  Furthermore, it is ORDERED that the Government's motion for extension of time to comply be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

ENTER: January 3, 2020

John T. Copenhaver, Jr.
Senior United States District Judge